UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>J.W. FAIRMAN, et al.,<br><br>        Defendants. | CV F- 02-5806 OWW DLB P<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF NOVEMBER 15, 2004 AND FEBRUARY 4, 2005<br><br>(DOC 50) |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. section 1983.  The Court has previously ruled that plaintiff is not entitled to proceed in forma pauperis in this action because he has previously accumulated at least three qualifying dismissals on the grounds of being frivolous, malicious, or failing to state a claim.  28 U.S.C. § 1915(g); Court's Order filed September 25, 2002.  On November 15, 2004, the Magistrate Judge recommended that this action be dismissed based on plaintiff's failure to obey the Court's order of April 23, 2004 directing plaintiff to effect service on defendants.  Plaintiff filed objections to the recommendation and the Court adopted the recommendation and dismissed the case on February 4, 2005.  Plaintiff filed a Notice of Appeal on February 9, 2005.  On July 19, 2006, plaintiff moved this Court pursuant to Federal Rules of Civil Procedure 60(a) and (b) to reconsider its orders of November 15, 2004 and February 4, 2005.

## A. Procedural Background

Plaintiff filed this action on July 5, 2002 along with a request to proceed in forma pauperis. On September 25, 2002, the Court denied plaintiff's request to proceed in forma pauperis because plaintiff had previously accumulated at least three qualifying dismissals on the grounds of being frivolous, malicious, or failing to state a claim. 28 U.S.C. § 1915(g); Court's Order filed September 25, 2002. The Court therefore ordered to pay the $150.00 filing fee within thirty (30) days.

On December 26, 2002, plaintiff paid the $150.00 filing fee for this action. By order filed March 17, 2003, the Court directed plaintiff to serve defendants with process. The Court advised plaintiff to follow Rule 4 of the Federal Rules of Civil Procedure in serving process on defendants. Plaintiff was also advised:

> [P]ursuant to Federal Rule of Civil Procedure 4(d)(2), he may notify each defendant of the commencement of this action and request that the defendant waive service of the summons. The notice and request must be addressed directly to each defendant (not the Attorney General), must be dispatched (mailed) though first class mail, and must be accompanied by a copy of the complaint. The waiver shall set forth the date on which the request is sent and shall allow each defendant at least 30 days in which to return the waiver. Plaintiff is advised to use the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons," of which eleven copies accompany this order. Pursuant to Federal Rule 4(d)(4), the action will proceed as if summons and complaint had been served when plaintiff filed with the court a waiver of service for each defendant, signed by each defendant.

On May 27, 2003, the Court directed the Clerk of Court to re-issue summons and waiver of personal service forms for plaintiff. In the same order of May 27, 2003, the Court directed plaintiff to serve defendants with process within 90 days.

In motions filed April 14 and May 19, 2003, plaintiff requested a court order directing prison officials to "tender appropriate fees essential to plaintiff formally effecting service upon defendants." The Magistrate Judge construed the motion as one for injunctive relief and recommended denial of plaintiff's motion. The recommendation was adopted by the Court by order filed July 18, 2003.

On June 12, 2003, plaintiff filed a notice explaining his attempts to serve defendants. Plaintiff indicated that he "forward[ed] the required forms along with correspondence to Litigation

Coordinator Bill Ndoh at SATF facility for summoning defendants in attempts to secure waiver of formal service upon each [defendants." Plaintiff's Notice, pp.1-2. In motions filed June 16, 2003 and July 14, 2003 plaintiff again notified the Court that defendants had failed to return the waiver of service forms.

On April 23, 2004, the Court denied various motions filed by plaintiff seeking to have the United States Marshal effectuate service of defendants. The Court advised plaintiff that because he was not proceeding in forma pauperis, it was his responsibility to effect *personal service* on defendants if they did not return the waiver of service forms. In the April 23, 2004 Order, the Court also granted plaintiff an additional thirty days in which to execute personal service on defendants.

On May 26, 2004, plaintiff filed a document entitled "Plaintiff's Notice of Service of Defendants" in which plaintiff asserted that he had effected service upon on all defendants with the exception of defendants Powers and Saunders. However, plaintiff attached no proof of personal service on defendants nor did he provide waivers of service for the defendants. On June 14, 2004, plaintiff filed a "Supplement to Plaintiff's Notice of Service of Defendant's Dated May 24, 2004 and Pursuant to FRCP R. 15 (D)" in which he claimed to have fully complied with the Court's Order requiring service on defendants. However, again, plaintiff failed to provide either proof of service of the defendants or waivers of service. While plaintiff asserted that "documentary evidence" of compliance with the court's order was attached, the attachments consisted of certified mail receipts.

On November 15, 2004, the Magistrate Judge issued Findings and Recommendations recommending that this action be dismissed based on plaintiff's failure to file proof of service on defendants. On November 24, 2004, plaintiff filed objections to the recommendation in which he asserted that his May 26, 2004 and June 14, 2004 filings constituted proof of service in compliance with the Court's April 23, 2004 orders. On November 24, 2004, plaintiff also filed the Declaration of Yolanda A. Trotter who attested that she had executed service on all defendants via certified mail.

On February 4, 2005, this Court adopted the recommendation and dismissed the action for failure to obey the April 23, 2004 order and plaintiff's failure to file a proof of service on defendants.

**B.     Discussion**

Federal Rule of Civil procedure 60(a) permits a court to relieve a party from a judgment or order to correct clerical mistakes:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders . . .

Fed. R. Civ.Proc. 60(a). Federal Rule of Civil Procedure 60(b)(1) permits the court to relieve a party from a final judgment, order or proceeding based on mistake, inadvertence, surprise or excusable neglect. Fed.R.Civ.Proc. 60(b)(1). In moving for reconsideration, plaintiff argues that service by certified mail was sufficient and therefore the court dismissed this case in error.

Pursuant to Federal Rule of Civil Procedure 4(e), service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected (FRCP 4(e)(1); (2) by delivering a copy of summons and complaint to defendant personally (FRCP 4(e)(2); (3) by leaving copies at defendant's "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein" (FRCP 4(e)(2)); or (4) by delivering summons and complaint to an "agent authorized by appointment or by law to receive service of process" FRCP 4(e)(2). Service by certified mail alone is not authorized by Rule 4.

After numerous extensions of time, plaintiff failed to comply with this court's orders to effect service on the named defendants pursuant to Rule 4. While plaintiff apparently forwarded the summons and complaint to the named defendants via certified mail, this is not sufficient service under Rule 4. Plaintiff either chose to ignore the federal rules of civil procedure governing service of process or may have been confused about the prior court order instructing him to send, via US mail, the waiver of service forms. Given plaintiff's pro per status, such mistake warrants reconsideration of the Court's order dismissing the case, despite his apparent familarity with litigation based on the number of lawsuits he has pursued.

1    Plaintiff will be given one final opportunity to effect service on defendants.  Plaintiff is once
2 again advised that because he is not proceeding in forma pauperis, it is plaintiff's responsibility to
3 effect service of the summons and complaint on defendants in accordancea with the requirements of
4 the federal rules of civil procedure.  The Clerk of the Court will be directed to issue summonses to
5 plaintiff for purposes of service of process.  See Fed. R. Civ. P. 4.

6    Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure
7 4 within (60) days from the date of service of this order.  Plaintiff shall serve a copy of this order on
8 each defendant together with a summons and a copy of the complaint.  The following two sections
9 contain instructions on how to serve defendants.

10    (1)    Waiver of Service

11    Pursuant to Rule 4(d)(2), plaintiff may (but is not required to) notify defendants of the
12 commencement of this action and request that they waive service of the summons.  Fed. R. Civ. P.
13 4(d)(2).  If plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of
14 Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service
15 of Summons," and (3) a copy of the complaint.  The documents must be addressed directly to each
16 defendant (not the Attorney General's Office) and must be dispatched (mailed) through first-class
17 mail.  The Waiver of Service of Summons form must set forth the date on which the request is sent
18 and must allow each defendant at least thirty (30) days in which to return the waiver to plaintiff.  If
19 defendants sign and return the waiver forms to plaintiff, plaintiff must then file the forms with the
20 court.  After filing the forms with the court, plaintiff need not take any further steps to serve
21 defendants.  Fed. R. Civ. P. 4(d)(4).

22    (2)    Personal Service

23    If either (1) plaintiff does not wish to request defendants to waive service or (2) one or more
24 of the defendants fail to return the Waiver of Service of Summons form to plaintiff, plaintiff must
25 have personal service effected on defendants.  Each defendant must be personally served with a
26 summons and a copy of the complaint, along with a copy of this order.  Plaintiff may not effect

personal service himself. Fed. R. Civ. P. 4(c). <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old</u>. Id. The court will provide plaintiff with a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected.

A FAILURE TO PROPERLY SERVE DEFENDANTS WILL RESULT IN DISMISSAL OF THIS CASE.

C.   <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that:

1. The order of dismissal and the judgment, dated February 4, 2005 are VACATED;
2. The Clerk of the Court is directed to issue and send plaintiff ten (10) summonses;
3. The Clerk is further directed to send plaintiff:
    a) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"
    b) One (1) copy of the form entitled "Waiver of Service;"
    c) One (1) copy of the form entitled "Consent to Proceed Before United States Magistrate Judge" with instructions; and
    d) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure;
4. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on defendants at the time of service of the summons and second amended complaint;
5. Plaintiff shall complete service of process on defendants within **sixty (60) days** from the date of service of this order;
5. Plaintiff's failure to timely complete service of the complaint on the defendants will result in dismissal of this action. Fed. R. Civ. P. 4(m); and
6. This case is referred back to the Magistrate Judge for further proceedings.

1       IT IS SO ORDERED.

2   **Dated:    August 25, 2006**              **/s/ Oliver W. Wanger**
    emm0d6                                   UNITED STATES DISTRICT JUDGE

District Court
E. D. California