# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>        Plaintiff,<br><br>  v.<br><br>J.W. FAIRMAN,<br><br>        Defendant. | 1:02-CV-5806 OWW DLB P<br><br>ORDER DENYING PLAINTFF'S MOTION FOR REFUND OF FILING FEES<br><br>[Doc. 83] |

Plaintiff is a state prisoner proceeding pro per in a civil rights action pursuant to 42 U.S.C. section 1983. On September 25, 2002, plaintiff's application to proceed in forma pauperis (IFP) was denied plaintiff paid the filing fee. By order dated May 27, 2003 the Court directed the Clerk to issue summons and order Plaintiff to serve defendants within 90 days. On April 14 and May 19, 2003 Plaintiff filed motions requesting that prison provide plaintiff with the fees for effecting service on defendants. Plaintiff's motions for fees to serve defendants were denied on April 23, 2004 and in the same plaintiff was granted an additional 30 days within which to serve defendants. On November 14, 2004, plaintiff filed the "Sworn Declaration of Yolanda A. Troter re: Service of Summons and Complaint" along with Objections to the Findings and Recommendations. On February 4, 2005, the District Court adopted the Magistrate Judge's Findings and Recommendations and issued a judgment dismissing the case. On February 9, 2005, plaintiff filed an appeal. On August 22, 2005, the clerk confirmed that plaintiff had filed the $255 appeal filing fee.

On July 19, 2006, plaintiff filed a motion to reconsider with the District Court pursuant to Rule 60 of the Fed.R.Civ. P. requesting that the court reconsider the February 4, 2005 order.  On August 25, 2006, the District Court Judge granted plaintiff's motion for reconsideration, reopened the case, and vacated the prior order adopting the Magistrate Judge's Findings and Recommendations.  Subsequently, on September 14, 2006, the Ninth Circuit issued a decision on plaintiff's appeal noting that because the District Court had granted plaintiff's motion to reconsider, there was no longer a final decision to review. See, Ninth Circuit Judgment, Doc. # 60.   Plaintiff now seeks a refund for the appeal filing fee since plaintiff's appeal was "solely materialized as a product of the court's omission and oversight.[1]"  See, Plaintiff's Motion, Doc. # 83 at pg. 3.

Plaintiff's motion is denied.  Parties filing actions including appeals are required to pay a filing fee.  See, 28 U.S.C.§ 1913; Fed. R. App. P.  3(e).   An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.  IFP status is not a constitutional right.  In this case, plaintiff was denied IFP status pursuant to 28 U.S.C. § 1915(g) because he has filed more than three lawsuits that have been dismissed on the grounds that they were either frivolous, malicious, or failed to state a claim.  No constitutional violation exists when IFP status is denied based on 28 U.S.C. § 1915(g).  Rodriquez v. Cook, 169 F. 3d 1176 (9th Cir. 1999); see also, Taylor v. Delatoore, 281 F.3d 844 (9th Cir. 2002) (holding that filing fee provisions of 28 U.S.C. § 1915(b) do not violate the inmate's constitutional right to access to the Courts or equal protection.)

Moreover, plaintiff could have filed his motion to reconsider prior to filing the appeal.  Rule 4(a)(4)(A)(vi) of the Fed.R.Civ. P. provides that if a party timely files a motion (including a motion under Rule 60 within ten days after judgment is entered), the time to file an appeal runs from the entry of the order disposing of the motion.  Thus, plaintiff's case would not have become final until any Rule 60 motion was ruled upon, and he could have filed an appeal at that time.  Instead, plaintiff filed an appeal first and then he waited almost one year before filing a motion to reconsider.  In the

---

[1] Plaintiff's motion is entitled, "Second Ex Parte Motion for Court Order Directing Reimbursement of Appeal Filing Fee."  However, it appears that this is the first motion that the defendant has filed regarding refunding his filing fees.

1  intervening time, the court processed his appeal and issued a decision in the case.
2      Filing fees are charged to defray the court's costs of processing and litigating a case. Since
3  plaintiff's motion to proceed IFP was denied, and plaintiff's case was fully litigated, the fees were
4  correctly charged to him. Therefore, plaintiff's motion for reimbursement of the appeal filing fee is
5  denied.
6      IT IS SO ORDERED.
7      Dated: **June 14, 2007**           **/s/ Dennis L. Beck**
                                                                                                    UNITED STATES MAGISTRATE JUDGE