# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>        Plaintiff,<br><br>   v.<br><br>J.W. FAIRMAN, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:02-cv-05806-OWW-DLB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff, Jason Saunders, ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2002.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.      Plaintiff's Claims

The events at issue in the instant action allegedly occurred at the California Department of Corrections, California Substance Abuse and Treatment Facility, in Corcoran, California where plaintiff was incarcerated at the time of the allegations in his complaint. Plaintiff names as defendants: Warden J.W. Fairman; Captain M. Johnson; Associate Warden C. Powers; Lieutenants J. Saunders and D. Snell; Sergeant (now Lieutenant) E. Smith; Officers J. Nelson, Maciel, Forener, and E. Gonzales; and Does 1-10 ("defendants") and alleges, per 42 U.S.C. §1983, that they violated his rights under the First, Eighth, and Fourteenth Amendments and that they violated 42 U.S.C. §§ 1981, 1985, 1986, and 1988. Plaintiff is seeking monetary damages.

Because plaintiff sets forth all of his factual allegations in narrative form and then lists separately the rights which he believes were violated, some difficulty in ascertaining the precise

bases for plaintiff's claims results. In his complaint, plaintiff appears to allege that, in retaliation for his use of the inmate appeals process, the various named and unnamed defendants engaged in acts such as labeling him as a "snitch" so as to provoke another inmate to assault and physically injure plaintiff, and other acts to intimidate him from using the inmate appeals process. The court finds that plaintiff has stated cognizable claims against some of the named defendants.

The court will provide plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth for each defendant, as briefly as possible, what action that defendant took or failed to take and why (e.g. to retaliate against plaintiff for filing inmate grievances). In the subsections that follow, the court will provide plaintiff with the legal standards that, based on plaintiff's allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

### 1. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

Plaintiff has named a number of defendants in this action and has named Does 1 through 10 and makes allegations against "more than one defendant," "State Defendants," and various

other non-specific defendants throughout his complaint.  In order to proceed under section 1983, plaintiff must allege facts sufficient to support a claim that *each* defendant named in the complaint either acted or failed to act in a manner that was adverse to plaintiff and that the defendant did so in retaliation against plaintiff for engaging in, or to intimidate plaintiff from engaging in, a protected activity.  Plaintiff is cautioned that in his amended complaint, he must clearly identify what actions or omissions led to the violation of his rights and which defendants were responsible for each act and/or omission.

    2.  Retaliation

  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  Adverse action is action that "would chill a person of ordinary firmness" from engaging in that activity.  Pinard v. Clatskanie School Dist., 467 F.3d 755, 770 (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486 F.3d 1025 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v. Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in these activities.  However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation.  In the prison context, cases in

this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory prison transfer and double-cell status); Valandingham, 866 F.2d at 1138 (inmate labeled a snitch and approached by other inmates and threatened with harm as a result); Rizzo, 778 F.2d at 530-32 (retaliatory reassignment out of vocational class and transfer to a different prison).

Plaintiff appears to have made sufficient allegations to meet the first and fourth elements required for a retaliation claim. However, he did not make any allegations as to whether the defendants engaged in their threatening activities because of plaintiff's engaging in protected conduct. Nor did he make any allegations regarding whether the acts complained of reasonably advanced a legitimate correctional goal. Thus, plaintiff fails to state a cognizable claim for retaliation.

### 3. Safety/Failure to Protect

"Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also Farmer v. Brennan 511 U.S. 825, 833 (1994).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial

evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

The Ninth Circuit has held that allegations that prison officials called a prisoner a "snitch" in the presence of other inmates were sufficient to state a claim of deliberate indifference to an inmate's safety. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989). But see Morgan v. MacDonald 41 F.3d 1291, 1293-94 (9th Cir. 1994)(rejecting Eighth Amendment claim where prisoner who had been labeled a snitch had not been retaliated against).

In the present case, plaintiff alleges that Forener told inmate Valdez that plaintiff was a "snitch" and made comments so as to insinuate that plaintiff had some sort of secret agreement with Forener in the presence of other inmates. Plaintiff then alleges that when he was in the recreation yard, inmate Valdez spoke with Close Custody inmate Bernacett; that both Valdez and Bernacett were suspiciously glancing at plaintiff during their conversation; that defendant Gonzales was watching Valdez and Bernacett as well; that Valdez asked defendants Maciel and Nelson to release Bernacett from his cell; that defendants Maciel and Nelson obliged Valdez's request; that Bernacett immediately approached and assaulted plaintiff; that defendants Gonzales, Maciel, and Nelson watched as Bernacett assaulted plaintiff and refrained from intervening to stop the assault until plaintiff defended himself and bloodied his assailant. Plaintiff alleges that he therein sustained physical injuries including injury to his back, blurred vision, and a cracked tooth. Thus, plaintiff has stated cognizable claims against Forener, Gonzales, Maciel, and Nelson for being deliberately indifferent to his safety.

### 4. Inmate Appeals Process & Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint

1  which "imposes atypical and significant hardship on the inmate in relation to the ordinary
2  incidents of prison life." Sandin, 515 U.S. at 484.
3      "[A prison] grievance procedure is a procedural right only, it does not confer any
4  substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)
5  (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,
6  334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
7  entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.
8  2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,
9  855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest
10 requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v.
11 DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).
12 Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under
13 a § 1983 action. Buckley, 997 F.2d at 495.
14     When a prisoner faces disciplinary charges, prison officials must provide the prisoner
15 with (1) a written statement at least twenty-four hours before the disciplinary hearing that
16 includes the charges, a description of the evidence against the prisoner, and an explanation for
17 the disciplinary action taken; (2) an opportunity to present documentary evidence and call
18 witnesses, unless calling witnesses would interfere with institutional security; and (3) legal
19 assistance where the charges are complex or the inmate is illiterate. See Wolff v. McDonnell,
20 418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985);
21 Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-
22 20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).
23     "When prison officials limit a prisoner's right to defend himself they must have a
24 legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per
25 curiam) (concluding that prisoners do not have a right to have an independent drug test
26 performed at their own expense). The right to call witnesses may legitimately be limited by "the
27 penological need to provide swift discipline in individual cases . . . [or] by the very real dangers
28 in prison life which may result from violence or intimidation directed at either other inmates or

staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrat existence of liberty interest.)

However, the "some evidence" standard does not apply to original rules violation report where a prisoner alleges the report is false. Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).

Plaintiff did not state any facts to address any of the requirements set forth in Wolff. Plaintiff has alleged that he was arbitrarily denied the witnesses he requested, but this alone would be insufficient to support a claim of denial of procedural due process. The results of plaintiff's inmate appeal(s) cannot give rise to any claims for relief under section 1983. However, plaintiff alleges that Gonzales fraudulently charged plaintiff with violation of 15 C.C.R. §3005(c). Therefore, per Hines, plaintiff has stated a cognizable claim against Gonzales for violation of his procedural due process rights.

### 5. Supervisory Liability Claim

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

"implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff sets forth all of his factual allegations in narrative form and then lists separately the rights which he believes were violated, which causes some difficulty for the court in ascertaining whom plaintiff is alleging violated which of his rights. As to each defendant in a supervisorial position, plaintiff must allege facts giving rise to a claim for relief under section 1983. Plaintiff names the following supervisorial persons as defendants: Warden W. Fairman; Captain M. Johnson; Assistant Warden C. Powers; Lieutenants J. Saunders and D. Snell; and Sergeant (now Lieutenant) E. Smith.

Plaintiff alleges that his "assault and attack was the foreseeable result and consequence of the de facto policies, pervasive practices and customs of Defendants Fairman, Powers, Johnson and Doe Defendants which were so permanent and well settled that they constituted practice or policy which had the ultimate force of law...." Doc. 1, pg. 12. This states cognizable claims against Fairman, Powers, and Johnson.

Plaintiff's allegations against Smith are based on his responsibility to properly supervise (i.e. respondeat superior) and on his approval of reports – neither of which are sufficient allegations to present cognizable claims.

Plaintiff's allegations against Saunders are based on his involvement in plaintiff's due process claims relative to his inmate appeals and for threatening plaintiff with retaliation (worse than a fight) if he were to appeal. As stated above, plaintiff has failed to state allegations sufficient to present cognizable claims for violation of his due process rights – other than against Gonzales for allegedly falsifying the original rules violation report. Thus, his claim against Saunders based thereon is not cognizable by the court at this time. As to the threat of retaliation if plaintiff were to appeal, verbal harassment or abuse alone is not sufficient to state a

constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Thus, plaintiff has failed to state any cognizable claims against Saunders.

Plaintiff's factual allegations against Snell are based on his conducting a new disciplinary hearing and finding plaintiff guilty. As stated above, the results of plaintiff's inmate appeal(s) cannot give rise to any claims for relief under section 1983 and plaintiff has failed to allege any other facts that demonstrate that defendants violated his rights to due process under federal law.

Plaintiff makes various allegations regarding supervisorial actions by "State Defendants" and "unnamed supervisory personnel and policy makers" without distinguishing as to which of the named defendants his allegations attach. To that end, plaintiff fails to meet the linkage requirements of 42 U.S.C. § 1983 as discussed at subsection B. 1. above.

      6.    42 U.S. C. § 1981

Plaintiff claims violation of his rights under 42 U.S. C. § 1981. However, 42 U.S.C. § 1981 prohibits racial discrimination by private actors. Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). The defendants in this case are state actors. A claim of racial discrimination advanced by plaintiff in this action must be brought pursuant to section 1983 rather than section 1981.

Plaintiff is informed that equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege

facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren at 1194.

Plaintiff failed to allege any facts for this court to ascertain whether: he is in a protected class; he or others like him were treated differently without a rational relationship to a legitimate state purpose; and that the defendants intentionally discriminated against him. Thus, the court finds that plaintiff has alleged no facts that give rise to a cognizable equal protection claim under section 1983. The court has provided plaintiff with the applicable legal standard in the previous paragraph. Plaintiff is cautioned that he may not pursue an equal protection claim unless he first exhausted administrative remedies as to the facts at issue in the claim.

       7.     42 U.S. C. § 1985(3)

Plaintiff also claims violation of his rights under 42 U.S.C. § 1985. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); see also Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

"The language requiring intent to deprive of *equal* protection . . . means that there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102 (emphasis added); see also Sever, 978 F.2d at 1536. Animus toward union members does not meet the "otherwise class-based" factor of Griffin. See United Bhd. Of Carpenters, Local 610 v. Scott, 463 U.S. 825, 835 (1983). The Supreme Court has declined to address whether gender is an "otherwise class-based" category under § 1985(3). See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993).

The Ninth Circuit has extended § 1985(3) "beyond race 'only when the class in question can show that there has been a governmental determination that its members "require and warrant special federal assistance in protecting their civil rights."'" Sever, 978 F.2d at 1536.

11

1  More specifically, [the Ninth Circuit] require[s] 'either that the courts have designated the class
2  in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that
3  Congress has indicated through legislation that the class required special protection.'" Id (quoting
4  Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (per curiam)); see also Maynard v. City of
5  San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994); McCalden v. California Library Ass'n, 955 F.2d
6  1214, 1223 (9th Cir. 1990); Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 720
7  (9th Cir. 1981); DeSantis v. Pac. Tel. & Tel. Co., 608 F.2d 327, 333 (9th Cir. 1979).
8      Plaintiff has failed to state a cognizable claim under § 1985(3) as he has failed to allege a
9  class-based discriminatory motive.
10         8.    42 U.S. C. § 1986
11     Plaintiff further claims a violation of his rights under 42 U.S. C. § 1986.
12     "Section 1986 authorizes a remedy against state actors who have negligently failed to
13  prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty.
14  Coll. Dist., 26 F.3d 968, 971, n.7 (9th Cir. 1994).  "A claim can be stated under [§] 1986 only if
15  the complaint contains a valid claim under [§] 1985." Karim-Panahi v. Los Angeles Police
16  Dep't, 839 F.2d 621, 626 (9th Cir. 1988); see also McCalden v. California Library Ass'n 955 F.2d
17  1214, 1223 (9th Cir. 1990); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1990).
18  Since plaintiff failed to state a cognizable claim against the defendants under § 1985(3), his
19  claims under § 1986 fail as well.
20         9.    42 U.S. C. § 1988
21     Plaintiff alleges a claim for relief under 42 U.S.C. § 1988.  Section 1988 does not create
22  an independent cause of action. See Moor v. County of Alameda, 411 U.S. 693, 703-04 n.17
23  (1973).  Therefore, plaintiff may not pursue a claim for relief against defendants under section
24  1988.
25     C.    State Law Claims
26     Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original
27  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the
28  action within such original jurisdiction that they form part of the same case or controversy under

Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." <u>Acri v. Varian Assoc.</u>, Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966).

Because plaintiff may be able to state a claims for relief under section 1983, the court reserves discretion to exercise supplemental jurisdiction over and to address plaintiff's state law claims after plaintiff files his amended complaint so as to allow plaintiff opportunity to state cognizable claims for relief under section 1983.

### D. Conclusion

For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If plaintiff needs an extension of time to comply with this order, plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

13

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the court as viable/cognizable in this order; and
4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 3, 2008**            /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE