# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JASON SAUNDERS,                              CASE NO. 1:02-cv-05806-OWW-DLB (PC)

          Plaintiff,

                                 FINDINGS AND RECOMMENDATION

    v.

J.W. FAIRMAN, et al.,                        (Doc. 87)

          Defendants.

_____/

**I.**    **FINDINGS**

    **A.**    **Procedural History**

        Plaintiff, Jason Saunders, ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 5, 2002.  On April 4, 2008, the Court order Plaintiff's complaint dismissed with leave to amend.  Plaintiff filed his first amended complaint on May 2, 2008.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    **Plaintiff's Claims**

The events at issue in the instant action allegedly occurred at the California Department of Corrections, California Substance Abuse and Treatment Facility, in Corcoran, California ("C.S.A.T.F. Corcoran") where Plaintiff was incarcerated at the time of the allegations in his complaint. Plaintiff names as defendants: Warden J.W. Fairman; Associate Wardens G. Bingham and C. Powers; Facility Captain Mark Johnson; Lieutenants R. Woods, T.W. Jennings, J. Sanders, D. Snell, and E. Smith; Correctional Officers J. Nelson, A. Masiel, S. Forner, and E. Gonzales; and Does 1-7.

Plaintiff delineates claims for relief under 42 U.S.C. §1983 for deliberate indifference to

his personal safety/failure to protect; conspiracy to deny equal protection of the laws and due process; and retaliation via denial of due process and equal protection of the law for engaging in protected activities.  Plaintiff also delineates six claims under state law.  Plaintiff is seeking monetary damages.

Plaintiff alleges that, in retaliation for his use of the inmate appeals process, the defendants labeled him a "snitch" so as to provoke another inmate to assault and physically injure Plaintiff, and engaged in other acts to intimidate him from using the inmate appeals process.  The Court finds that Plaintiff states some cognizable claims, against some of the named defendants, on which he should be allowed to proceed.

## 1.   Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff fails to link any factual allegations to Staff Services Analyst S. Espinoza.  Thus, Plaintiff fails to state a cognizable claim against S. Espinoza, such that S. Espinoza is dismissed from this case.

///

1

2. **Retaliation**

2       Allegations of retaliation against a prisoner's First Amendment rights to speech or to

3   petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532

4   (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v.

5   Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First

6   Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some

7   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that

8   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did

9   not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-

10  68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file

11  a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d

12  1283, 1288 (9th Cir. 2003). Adverse action is action that "would chill a person of ordinary

13  firmness" from engaging in that activity. Pinard v. Clatskanie School Dist., 467 F.3d 755, 770

14  (9th Cir. 2006); White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000); see also Lewis v. Jacks, 486

15  F.3d 1025 (8th Cir. 2007); see also Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007); Bennett v.

16  Hendrix, 423 F.3d 1247, 1250-51 (11th Cir. 2005); Constantine v. Rectors & Visitors of George

17  Mason Univ., 411 F.3d 474, 500 (4th Cir. 2005); Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir.

18  2004); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Both litigation in court and filing

19  inmate grievances are protected activities and it is impermissible for prison officials to retaliate

20  against inmates for engaging in these activities. However, not every allegedly adverse action will

21  be sufficient to support a claim under section 1983 for retaliation. In the prison context, cases in

22  this Circuit addressing First Amendment retaliation claims involve situations where the action

23  taken by the defendant was clearly adverse to the plaintiff. Rhodes, 408 F.3d at 568 (arbitrary

24  confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation

25  for filing grievances); Austin, 367 F.3d at 1171 (retaliatory placement in administrative

26  segregation for filing grievances); Bruce, 351 F.3d at 1288 (retaliatory validation as a gang

27  member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory

28  issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d at 806 (retaliatory

4

1   prison transfer and double-cell status); <u>Valandingham</u>, 866 F.2d at 1138 (inmate labeled a snitch

2   and approached by other inmates and threatened with harm as a result); <u>Rizzo</u>, 778 F.2d at 530-

3   32 (retaliatory reassignment out of vocational class and transfer to a different prison).

4       Plaintiff states that, in retaliation for Plaintiff's filing of prisoner grievances and formal

5   legal actions, and without legitimate penological justification, C/O's J. Nelson, A. Masiel, S.

6   Forner, and E. Gonzales labeled Plaintiff a "snitch" in front of other inmates; instigated another

7   inmate's assault on Plaintiff; failed to timely intervene to protect Plaintiff during that assault; and

8   thereafter falsely reported the incident.

9       Plaintiff thus states cognizable claims for retaliation, and should be allowed to proceed on

10   such against C/O's J. Nelson, A. Masiel, S. Forner, and E. Gonzales.

11       **3.**    <u>**Safety/Failure to Protect**</u>

12       "Prison officials have a duty to take reasonable steps to protect inmates from physical

13   abuse." <u>Hoptowit v. Ray</u> 682 F.2d 1237, 1250-51 (9th Cir. 1982); see also <u>Farmer v. Brennan</u>

14   511 U.S. 825, 833 (1994).

15       To establish a violation of this duty, the prisoner must establish that prison officials were

16   "deliberately indifferent" to serious threats to the inmate's safety.  See <u>Farmer</u>, 511 U.S. at 834.

17   To demonstrate that a prison official was deliberately indifferent to a serious threat to the

18   inmate's safety, the prison must show that "the official [knew] of and disregard[ed] an excessive

19   risk to inmate ... safety; the official must both be aware of facts from which the inference could

20   be drawn that a substantial risk of serious harm exists, and [the official] must also draw the

21   inference." <u>Farmer</u>, 511 U.S. at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir.

22   1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial

23   evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.

24   <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

25       The Ninth Circuit has held that allegations that prison officials called a prisoner a

26   "snitch" in the presence of other inmates were sufficient to state a claim of deliberate

27   indifference to an inmate's safety.  See <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1139 (9th

28   Cir. 1989).  But see <u>Morgan v. MacDonald</u> 41 F.3d 1291, 1293-94 (9th Cir. 1994)(rejecting

1  Eighth Amendment claim where prisoner who had been labeled a snitch had not been retaliated

2  against).

3          Plaintiff alleges that C/O Forener told inmate Valdez that Plaintiff was a "snitch" and

4  made comments so as to insinuate that Plaintiff had some sort of secret agreement with Forener

5  in the presence of other inmates.  Plaintiff then alleges that when he was in the recreation yard,

6  inmate Valdez spoke with close custody inmate Bernacett; that both Valdez and Bernacett were

7  suspiciously glancing at Plaintiff during their conversation; that C/O Gonzales was watching

8  Valdez and Bernacett as well; that Valdez asked C/O's Maciel and Nelson to release Bernacett

9  from his cell; that C/O's Maciel and Nelson obliged Valdez's request; that Bernacett immediately

10  approached and assaulted Plaintiff; and that C/O's Gonzales, Maciel, and Nelson watched as

11  Bernacett assaulted Plaintiff and refrained from intervening to stop the assault until Plaintiff

12  defended himself and bloodied his assailant.  Plaintiff alleges that he sustained physical injury to

13  his back, blurred vision, and a cracked tooth.

14          Thus, Plaintiff has stated cognizable claims against C/O's Forener, Gonzales, Maciel, and

15  Nelson for being deliberately indifferent to his safety and failing to protect him.

16                    **4.    Disciplinary Hearings & Due Process**

17          The Due Process Clause protects prisoners from being deprived of liberty without due

18  process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of

19  action for deprivation of due process, a plaintiff must first establish the existence of a liberty

20  interest for which the protection is sought.  "States may under certain circumstances create liberty

21  interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-

22  84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint

23  which "imposes atypical and significant hardship on the inmate in relation to the ordinary

24  incidents of prison life."  Sandin, 515 U.S. at 484.

25          When a prisoner faces disciplinary charges, prison officials must provide the prisoner

26  with (1) a written statement at least twenty-four hours before the disciplinary hearing that

27  includes the charges, a description of the evidence against the prisoner, and an explanation for

28  the disciplinary action taken; (2) an opportunity to present documentary evidence and call

6

witnesses, unless calling witnesses would interfere with institutional security; and (3) legal

assistance where the charges are complex or the inmate is illiterate.  See Wolff v. McDonnell,

418 U.S. 539, 563-70 (9th Cir. 1974); see also Superintendent v. Hill 472 U.S. 445, 454 (1985);

Neal v. Shimoda, 131 F.3d 818, 830-31 (9th Cir. 1997); Walker v. Sumner, 14 F.3d 1415, 1419-

20 (9th Cir. 1994); McFarland v. Cassady, 779 F.2d 1426, 1428 (9th Cir. 1986).

"When prison officials limit a prisoner's right to defend himself they must have a

legitimate penological interest." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per

curiam) (concluding that prisoners do not have a right to have an independent drug test

performed at their own expense).  The right to call witnesses may legitimately be limited by "the

penological need to provide swift discipline in individual cases . . . [or] by the very real dangers

in prison life which may result from violence or intimidation directed at either other inmates or

staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525

(9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir.

1987)(per curiam).

"[T]he requirements of due process are satisfied if some evidence supports the decision

by the prison disciplinary board . . . ." Hill, 472 U.S. at 455; see also Touissaint v. McCarthy,

926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989);

Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824

F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th

Cir. 1999) (where there is no evidence of guilt may be unnecessary to demonstrate existence of

liberty interest.)

However, the "some evidence" standard does not apply to original rules violation report

where a prisoner alleges the report is false.  Hines v. Gomez, 108 F.3d 265, 268 (9th Cir. 1997).

The argument that anyone who knows about a violation of the Constitution, and fails to

cure it, has violated the Constitution himself is not correct. "Only persons who cause or

participate in the violations are responsible. Ruling against a prisoner on an administrative

complaint does not cause or contribute to the violation. A guard who stands and watches while

another guard beats a prisoner violates the Constitution; a guard who rejects an administrative

1   complaint about a completed act of misconduct does not." <u>George v. Smith</u>, 507 F.3d 605, 609-

2   10 (7th Cir. 2007) citing <u>Greeno v. Daley</u>, 414 F.3d 645, 656-57 (7th Cir.2005); <u>Reed v.</u>

3   <u>McBride</u>, 178 F.3d 849, 851-52 (7th Cir.1999); <u>Vance v. Peters</u>, 97 F.3d 987, 992-93 (7th

4   Cir.1996).

5       Plaintiff alleges that Gonzales fraudulently charged Plaintiff with violation of 15 C.C.R.

6   §3005(c).  Therefore, per <u>Hines</u>, Plaintiff has stated a cognizable claim and should be allowed to

7   proceed against C/O Gonzales for violation of his procedural due process rights.

8       Plaintiff also alleges that Lt.'s Sanders, Snell, and Jennings violated his rights to

9   procedural due process by their involvement in his disciplinary hearings based on C/O Gonzales'

10  false RVR.  Plaintiff has alleged that he was arbitrarily denied the witnesses he requested, but

11  this alone would be insufficient to support a claim of denial of procedural due process.  Further,

12  Lt.'s Sanders, Snell, and Jennings administrative actions ruling against Plaintiff based on C/O

13  Gonzales' false RVR do not violate the Constitution.  All such claims against Lt.'s Sanders,

14  Snell, and Jennings should be dismissed.

15          **5.**    **Threats**

16      Plaintiff alleges that, subsequent to his exoneration from C/O Gonzales' false RVR,  C/O

17  Masiel threatened him that he would not be as fortunate next time.  However, threats do not rise

18  to the level of a constitutional violation.  <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).  Thus,

19  Plaintiff cannot state a cognizable claim against C/O Masiel based on his threats such that this

20  claim should be dismissed.

21          **6.**    **Supervisory Liability Claim**

22      Under section 1983, liability may not be imposed on supervisory personnel for the actions

23  of their employees under a theory of <u>respondeat</u> <u>superior</u>.  When the named defendant holds a

24  supervisorial position, the causal link between the defendant and the claimed constitutional

25  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

26  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  To

27  state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some

28  facts indicating that the defendant either: personally participated in the alleged deprivation of

8

constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff names the following supervisorial persons as defendants: Warden J.W. Fairman; Associate Wardens G. Bingham and C. Powers; Facility Captain Mark Johnson; and Lieutenants R. Woods, T.W. Jennings, J Sanders, D. Snell, and E. Smith.  Plaintiff alleges that Warden J.W. Fairman; Associate Wardens G. Bingham and C. Powers; Facility Captain Mark Johnson; and Lieutenants R. Woods, T.W. Jennings, J Sanders, D. Snell, and E. Smith created an atmosphere and environment in which staff misconduct and abuse of prisoners was acceptable and was the moving force behind and proximate cause of the alleged violations of plaintiff's constitutional rights.  This states cognizable claims against these defendants for promulgating or implementing a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."  Hansen v. Black, 885 F.2d at 646.

### 7.    Equal Protection of the Law

Plaintiff's second delineated claim for relief attempts to allege a violation of his right to equal protection of the law.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a Plaintiff must show that defendants acted with intentional discrimination against Plaintiff or against a class of inmates which included Plaintiff.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998);

1  Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of

2  Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).  "A Plaintiff must allege facts, not simply

3  conclusions, that show that an individual was personally involved in the deprivation of his civil

4  rights."  Barren at 1194.

5       Plaintiff failed to allege any facts for this Court to ascertain whether:  he is in a protected

6  class; he or others like him were treated differently without a rational relationship to a legitimate

7  state purpose; and that the defendants intentionally discriminated against him.  Thus, the Court

8  finds that Plaintiff has alleged no facts that give rise to a cognizable equal protection claim under

9  section 1983.  All such claims should be dismissed.

10          **8.**     **42 U. S. C. § 1985(3)**

11       Plaintiff also claims violation of his rights under 42 U.S.C. § 1985.  "To state a cause of

12  action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a

13  class of persons of the equal protection of the laws, or of equal privileges and immunities under

14  the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal

15  injury, property damage or a deprivation of any right or privilege of a citizen of the United

16  States."  Gillespie v. Civiletti 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge,

17  403 U.S. 88, 102-03 (1971); see also Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.

18  1992).

19       "The language requiring intent to deprive of *equal* protection . . . means that there must

20  be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the

21  conspirators' action."  Griffin, 403 U.S. at 102 (emphasis added); see also Sever, 978 F.2d at

22  1536.  Animus toward union members does not meet the "otherwise class-based" factor of

23  Griffin.  See United Bhd. Of Carpenters, Local 610 v. Scott, 463 U.S. 825, 835 (1983).  The

24  Supreme Court has declined to address whether gender is an "otherwise class-based" category

25  under § 1985(3).  See Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 269 (1993).

26       The Ninth Circuit has extended § 1985(3) "beyond race 'only when the class in question

27  can show that there has been a governmental determination that its members "require and

28  warrant special federal assistance in protecting their civil rights."'"  Sever, 978 F.2d at 1536.

1  More specifically, [the Ninth Circuit] require[s] 'either that the courts have designated the class

2  in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that

3  Congress has indicated through legislation that the class required special protection.'" Id (quoting

4  Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) (per curiam)); see also Maynard v. City of

5  San Jose, 37 F.3d 1396, 1403 (9th Cir. 1994); McCalden v. California Library Ass'n, 955 F.2d

6  1214, 1223 (9th Cir. 1990); Canlis v. San Joaquin Sheriff's Posse Comitatus, 641 F.2d 711, 720

7  (9th Cir. 1981); DeSantis v. Pac. Tel. & Tel. Co., 608 F.2d 327, 333 (9th Cir. 1979).

8        Plaintiff specifically states that the defendants' actions he complains of occurred "in

9  retaliation for filing administrative appeals and/or formal judicial papers on his and other inmates

10 behalf and in response to certain pro-active stances plaintiff took with respect to prisoner rights."

11 Plaintiff failed to allege any racial or class-based discriminatory motive.  Further, Plaintiff failed

12 to allege an act by any of the alleged conspirators in furtherance of the conspiracy other than as

13 stated and addressed in his retaliation claims.

14       Thus, Plaintiff has failed to state a cognizable claim against any of the defendants for

15 conspiracy to deny his rights to due process and equal protection of the laws.

16           **9.**     **42 U. S. C. § 1986**

17       "Section 1986 authorizes a remedy against state actors who have negligently failed to

18 prevent a conspiracy that would be actionable under § 1985."  Cerrato v. San Francisco Cmty.

19 Coll. Dist., 26 F.3d 968, 971, n.7 (9th Cir. 1994).  "A claim can be stated under [§] 1986 only if

20 the complaint contains a valid claim under [§] 1985."  Karim-Panahi v. Los Angeles Police

21 Dep't, 839 F.2d 621, 626 (9th Cir. 1988); see also McCalden v. California Library Ass'n 955 F.2d

22 1214, 1223 (9th Cir. 1990); Sanchez v. City of Santa Ana, 936 F.2d 1027, 1040 (9th Cir. 1990).

23 Since Plaintiff failed to state a cognizable claim against the defendants under § 1985(3), his

24 claims under § 1986 fail as well.

25     **C.**     **State Law Claims**

26       Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original

27 jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the

28 action within such original jurisdiction that they form part of the same case or controversy under

1  Article III," except as provided in subsections (b) and (c).  "[O]nce judicial power exists under §

2  1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is

3  discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  "The district

4  court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .

5  the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. §

6  1367(c)(3).  The Supreme Court has cautioned that "if the federal claims are dismissed before

7  trial, . . . the state claims should be dismissed as well."  United Mine Workers of America v.

8  Gibbs, 383 U.S. 715, 726 (1966).

9     The Court reserves discretion to exercise supplemental jurisdiction over and to address

10  Plaintiff's state law claims.

11  **II.    RECOMMENDATION**

12     Accordingly, IT IS HEREBY RECOMMENDED that:

13     1.    This action proceed on Plaintiff's first amended complaint filed on May 2,

14           2008 against the following defendants on the following claims:

15           a.  Correctional Officers J. Nelson, A. Masiel, S. Forner, and E.

16           Gonzales for retaliation based on Plaintiff's engaging in protected

17           activities;

18           b.  Correctional Officers J. Nelson, A. Masiel, S. Forner, and E.

19           Gonzales for jeopardizing Plaintiff's safety and failure to protect;

20           c.  Correctional Officer E. Gonzales for procedural due process

21           violation(s); and

22           d.  Warden J.W. Fairman; Associate Wardens G. Bingham and C.

23           Powers; Facility Captain Mark Johnson; and Lieutenants R.

24           Woods, T.W. Jennings, J Sanders, D. Snell, and E. Smith for

25           unconstitutional promulgation or implementation of policy.

26     2.    Plaintiff's following claims against the following defendants be dismissed

27           with prejudice for failure/inability to state a claim:

28           a.  Correctional Officer A. Masiel for verbal threats/harassment;

1          b. Lieutenants Sanders, Snell, and Jennings for procedural due

2          process violations;

3          c. all defendants for equal protection of the law violations; and

4          d. all defendants for conspiracy activities under 42 U.S.C. §1985

5          and 42 U.S.C. §1986; and

6     3.     Plaintiff's claims against Staff Services Analyst S. Espinoza be dismissed

7          with prejudice for failure to state a claim.

8     These findings and recommendations will be submitted to the United States District

9 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

10 **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file

11 written objections with the court. The document should be captioned "Objections to Magistrate

12 Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

13 within the specified time may waive the right to appeal the district court's order. Martinez v.

14 Ylst, 951 F.2d 1153 (9th Cir. 1991).

15     IT IS SO ORDERED.

16 **Dated:**     **May 29, 2008**         **/s/ Dennis L. Beck**

17                            UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28