# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | CASE NO. 1:02-cv-05806-OWW-DLB PC |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTION |
| v. | (Docs. 113, 116, 118) |
| FAIRMAN, et al., | DEFENDANTS' RESPONSE DUE WITHIN TWENTY (20) DAYS |
| Defendants. | |

Plaintiff Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 8, 2009, Plaintiff filed a motion indicating that he is unable to proceed in this action until he receives all his legal documents. Plaintiff had recently been transferred to California State Prison, Lancaster ("CSP-Lancaster") from the California Substance Abuse and Treatment Facility ("SATF") at Corcoran, California.

On November 12, 2009, in response to a court order, Defendants filed a response to Plaintiff's motion. Defendants submit evidence that Officer Solorzano, an officer working in the administrative segregation unit at CSP-Lancaster, issued to Plaintiff his legal property in the form of two boxes. Defendants state that Plaintiff has made no follow-up requests for legal property.

On November 25, 2009, Plaintiff filed his reply. Plaintiff states that the two boxes given to Plaintiff included only the property that was in Plaintiff's cell at the time of his transfer. Plaintiff contends that his other legal property, which numbers between 8 to 9 boxes and includes Plaintiff's documents pertaining to this action, is likely at SATF in R&R (receiving and release).

1

1 Plaintiff submits a Property Transfer Receipt, which appears to indicate that while Plaintiff's
2 property in his cell at SATF had been transferred to CSP-Lancaster, Plaintiff's remaining legal
3 property in R&R had not gone with him.  (Doc. 118, Pl.'s Reply, Exh. 4.)

4 It is not entirely clear where Plaintiff's remaining legal property is located, but in all
5 likelihood, Plaintiff's property remains in R&R at SATF.  While Defendants are correct that no
6 defendants in this action are stationed at CSP-Lancaster, their response does not fully address
7 Plaintiff's motion regarding his other legal property.

8 Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518 U.S.
9 343, 346 (1996).  Prison officials do not have to provide such access that turns inmates into
10 "litigating engines capable of filing everything."  Id. at 355.  However, inmates must have the
11 capability of pursuing challenges to their conditions of confinement before the court.  Id. at 356-
12 67.  Plaintiff's lack of access to his materials directly pertaining to this case would greatly inhibit
13 Plaintiff's ability to litigate competently.  In order for Plaintiff to file an opposition to Defendants'
14 motion for summary judgment, Plaintiff's remaining property should be transferred to CSP-
15 Lancaster for Plaintiff's access, subject to any rules, regulations, or restrictions that may apply to
16 inmate property.

17 Based on the foregoing, it is HEREBY ORDERED that Defendants will file a response to
18 Plaintiff's reply within twenty (20) days from the date of service of this order.  Defendants'
19 counsel will update the Court as to the status of Plaintiff's property by that time.

20 IT IS SO ORDERED.

21 Dated:   **December 10, 2009**            /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE