1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | CASE NO. 1:02-cv-05806-OWW-DLB PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S RULE 56(F) MOTION AND OPENING DISCOVERY |
| v. | |
| FAIRMAN, et al, | (Doc. 110) |
| Defendants. | **Discovery Cutoff Date:   06/07/2010** |
| _____/ | **Opposition Deadline:      06/28/2010** |

Plaintiff Jason Saunders ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's first amended complaint, filed on May 2, 2008, against Defendants J. Nelson, A. Masiel, S. Forner, E. Gonzales, J.W. Fairman, G. Bingham, C. Powers, Mark Johnson, R. Woods, T. W. Jennings, J. Sanders, D. Snell, and E. Smith.  Defendants Forner, Gonzales, Johnson, Snell, Smith, Nelson, and Masiel have appeared in this action.

The Defendants who have appeared filed a motion for summary judgment on July 10, 2009. In response, Plaintiff filed a motion for an order staying Defendants' summary judgment application pending discovery.  (Doc. 110.)  The Court treats this as a motion pursuant to Federal Rule of Civil Procedure 56(f).

1

1   An answer was not filed by Defendants, and no discovery has been opened.  Summary

2   judgment is disfavored where, as here, relevant evidence remains to be discovered.  Jones v. Blanas,

3   393 F.3d 918, 930 (9th Cir. 2004).  Plaintiff does not support his motion with a declaration setting

4   forth the facts he believes exist that are necessary to oppose Plaintiff 's motion and will preclude

5   summary judgment.  Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox

6   Company, 353 F.3d 1125, 1129-30 (9th Cir. 2004) (citation omitted).  However, Plaintiff is

7   proceeding pro se, and has yet to have the opportunity to diligently pursue discovery in this action.

8   It is clear that Plaintiff is seeking discovery in order to file an opposition to Defendants' motion for

9   summary judgment.  Therefore, Plaintiff's motion will be granted.  Upon the close of discovery,

10  Plaintiff will have twenty-one (21) days within which to serve and file his opposition.  Defendants will

11  then have seven (7) days within while to serve and file a reply, if any.  The following legal standards

12  govern the instant proceedings.

13  **I.    Motion For Summary Judgment**

14  The Court shall remind Plaintiff of these requirements.  Pursuant to Klingele v.

15  Eikenberry, 849 F.2d 409(9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952(9th Cir. 1998),

16  plaintiff is advised of the following requirements for opposing a motion for summary judgment

17  made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion

18  is request for an order for judgment on some or all of plaintiff's claims in favor of defendants

19  without trial.  See Fed. R. Civ. P. 56(b).  Defendant(s)' motion will set forth the facts which

20  defendants contend are not reasonably subject to dispute and that entitle defendant to judgment as

21  a matter of law.  See Fed. R. Civ. P. 56(c).

22  Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion,

23  plaintiff must show proof of his or her claims.  Plaintiff may agree with the facts set forth in

24  defendant(s) motion but argue that defendant(s) are not entitled to judgment as a matter of law.

25  Plaintiff may show defendant(s) facts are disputed in one or more of the following ways: (1)

26  Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the

27  complaint shows that plaintiff has personal knowledge of the matters stated and if plaintiff calls to

28  the court's attention those parts of the complaint upon which plaintiff relies; (2) Plaintiff may also

serve and file affidavits or declarations[1] setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who signed the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records but plaintiff must prove that the records are what plaintiff claims they are[2]; (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  Should plaintiff fail to contradict defendants motion with affidavits, declarations, or other evidence, defendants evidence will be taken as truth, and final judgment may be entered without a full trial.  See Fed. R. Civ. P. 56(e).

If there is some good reason why such facts are not available to plaintiff when required to oppose such a motion, the court will consider a request to postpone considering defendant(s) motion.  See Rule 56(f).  If plaintiff does not serve and file a request to postpone consideration of defendant(s) motion or written opposition to the motion, the court may consider plaintiffs failure to act as a waiver of opposition to defendant(s) motion.  Plaintiff's waiver of opposition to defendant(s)' motion may result in the entry of summary judgment against plaintiff.  A motion supported by affidavits or declarations that are unsigned will be stricken.

## II.  **Discovery**

Pursuant to Federal Rules of Civil Procedure 1, 16, 18 and 26‒36, discovery shall proceed as follows:

1.  Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135, and shall only be filed when required by Local Rules 250.2(c), 250.3(c), 250.4(c).

2.  Responses to written discovery requests shall be due forty‒five (45) days after the request

---

[1]  An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath.  An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct."  28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence.  See Fed. R. Civ. P. 56(e).

[2]  Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party.  Fed. R. Civ. P. 56(e).

1    is first served;

2    3.    To ensure that the responding party has forty−five (45) days after the request is first

3          served to respond, discovery requests must be served at least forty−five (45) days before

4          the discovery deadline;

5    4.    Pursuant to Federal Rule of Civil Procedure 30(a), defendants may depose plaintiff and

6          any other witness confined in a prison upon condition that, at least fourteen (14) days

7          before such a deposition, defendants serve all parties with the notice required by Federal

8          Rule of Civil Procedure 30(b)(1); and

9    5.    If disputes arise about the parties' obligations to respond to requests for discovery, the

10         parties shall comply with all pertinent rules including Rules 5, 6, 7, 11, 26, and 37 of the

11         Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, and 230(l) of

12         the Local Rules of Practice for the United States District Court, Eastern District of

13         California. Unless otherwise ordered, Local Rule 251 shall not apply, and the requirement

14         set forth in Federal Rules of Civil Procedure 26 and 37 that a party seeking relief from the

15         court certify that he or she has in good faith conferred or attempted to confer with the

16         other party or person in an effort to resolve the dispute prior to seeking court action shall

17         not apply.  Voluntary compliance with this provision of Rules 26 and 37 is encouraged,

18         however.  A discovery motion that does not comply with all applicable rules will be

19         stricken and may result in imposition of sanctions.

20   The deadline for completion of discovery, including filing motions to compel, shall be June 7,

21   2010.

22         Accordingly, it is HEREBY ORDERED that:

23   1.    Plaintiff's Rule 56(f) motion, filed July 23, 2009, is GRANTED;

24   2.    Discovery is opened, as set forth above;

25   3.    The deadline for completion of discovery is **June 7, 2010**;

26   4.    Plaintiff shall serve and file an opposition to Defendants' motion for summary

27         judgment by **June 28, 2010**; and

28   //

4

1         5.     Defendants may serve and file a reply within **seven (7) days** after service of

2    Plaintiff's opposition.

 

IT IS SO ORDERED.

**Dated:**    **December 10, 2009**           _____**/s/ Dennis L. Beck**_____
UNITED STATES MAGISTRATE JUDGE