UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>           Plaintiff,<br><br>    v.<br><br>M. JOHNSON, et al.,<br><br>           Defendants. | CASE NO. 1:02-CV-05806-OWW-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF REQUEST FOR LEGAL PUBLICATIONS, CONSTRUED AS MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF NO. 124) |

Plaintiff Jason Saunders ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation, proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 1, 2010, Plaintiff filed an addendum to Defendants' response regarding Plaintiff's legal property. On July 1, 2010, Plaintiff filed a motion for extension of discovery date and time for opposing Defendants' motion for summary judgment.

Plaintiff is currently incarcerated at California State Prison-Lancaster ("CSP-LAC"). Plaintiff contends that he has not received all his legal publications, which appears to refer to legal treatises owned by Plaintiff. Plaintiff does not claim that he has no access to the law library at CSP-LAC. Rather, Plaintiff contends that the law library at CSP-LAC is inadequate, and without his legal treatises, he cannot effectively litigate this action, including discovery and opposing Defendants' motion for summary judgment.

The Court disagrees. Plaintiff has not demonstrated how the law library at CSP-LAC is inadequate for the purposes of litigating his lawsuit. Prisoners clearly have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, Plaintiff is not constitutionally entitled to a specific methodology to litigate his action. *See id.* at 356-57 (finding prisoners entitled to "*adequate* law libraries or a*dequate* assistance from persons trained in the law" (emphasis in original) (quoting *Bounds v, Smith*, 430 U.S. 817, 828 (1977), *limited in part on other grounds by Lewis*, 518 U.S. at 354)).

1		Plaintiff is in effect seeking the imposition of injunctive relief on prison officials at CSP-LAC. "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985). Plaintiff's claims arise from events at California Substance Abuse Treatment Facility and State Prison in Corcoran, California. The Court lacks jurisdiction to impose any injunction on CSP-LAC prison officials by this action. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's request for his legal publications, construed as a motion for preliminary injunction, be DENIED.

		Because the Court had yet to adjudicate Plaintiff's request for legal publication, the undersigned will recommend granting Plaintiff's motion for extension of time in part. The undersigned recommends that the discovery cut-off date be extended eighty days from the date of adjudication of these Findings and Recommendations. If the Judge assigned to this action adopts the Findings and Recommendations, the undersigned recommends the following schedule. Plaintiff will have twenty days after the adjudication of these Findings and Recommendations to serve Defendants with discovery requests. Defendants will then have thirty days in which to serve their responses. Motions to compel, if any, must be filed by the discovery cut-off date.

		These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **twenty (20) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

		IT IS SO ORDERED.

		Dated:   **July 13, 2010**              /s/ **Dennis L. Beck**
		                                        UNITED STATES MAGISTRATE JUDGE