# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS, | CASE NO. 1:02-CV-05806-OWW-DLB PC |
| Plaintiff, | ORDER DENYING MOTION FOR STAY |
| v. | (DOC. 130) |
| J. W. FAIRMAN, JR., et al., | |
| Defendants. | |

Plaintiff Jason Saunders ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se. This action is proceeding on Plaintiff's first amended complaint, against Defendants J. Nelson, A. Masiel, S. Forner, E. Gonzales, J.W. Fairman, G. Bingham, C. Powers, Mark Johnson, R. Woods, T. W. Jennings, J. Sanders, D. Snell, and E. Smith. Defendants Forner, Gonzales, Johnson, Snell, Smith, Nelson, and Masiel have appeared in this action.

Currently pending before the Court is Defendants' motion for a stay of discovery pending adjudication of Defendants' qualified immunity argument raised in their motion for summary judgment, filed September 22, 2010. (Doc. 130.) Plaintiff filed his opposition to Defendants' motion to stay on October 18, 2010. (Doc. 134.) The Court does not find a reply necessary. Accordingly, the matter is submitted pursuant to Local Rule 230(l).

Defendants argue that they should receive a stay because the United States Supreme Court has held that a district court should stay discovery until the threshold question of qualified immunity is resolved, citing *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (stressing importance of resolving immunity questions at

earliest possible stage in litigation); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Dunn v. Castro*, __F.3d__, No. 08-15957, 2010 U.S. App. LEXIS 19136, *7, 2010 WL 3547637, *2 (9th Cir. Sept. 14, 2010) (citing *Hunter*, 502 U.S. at 227).

In *Crawford-El*, the Supreme Court generally required that the district court resolve a qualified immunity defense before permitting discovery for cases involving an official's state of mind.  523 U.S. at 598.  What is omitted by Defendants, however, is the process by which a district court determines the applicability of the immunity defense.  The court "must determine whether, assuming the truth of the *plaintiff's allegations*, the official's conduct violated clearly established law." *Id.* (emphasis added).   Additionally, the Court clearly has discretion to postpone ruling on a defendant's summary judgment motion if the plaintiff requires additional discovery to explore facts essential to justify the party's opposition. *Id.* at 600 n.20 (citing Fed. R. Civ. P. 56(f)).

The Court would be inclined to agree with Defendants and resolve their qualified immunity argument prior to any further discovery, if Defendants had not relied upon evidence outside of Plaintiff's pleadings.  However, Defendants' arguments regarding qualified immunity are based mainly on Defendants' own submissions.  (Defs.' Mot. Summ. J. 16:18-18:9, Doc. 103.)  Defendants refer to Plaintiff's first amended complaint only twice in their statement of facts, at Paragraphs 1 and 5.  (*Id.* at 4-5.)  The remaining facts are derived from Defendants' own declarations and exhibits.  Plaintiff has not yet filed any opposition.

Defendants' arguments for qualified immunity cannot be resolved at this stage of the proceedings without providing Plaintiff an opportunity to oppose Defendants' arguments.  This includes providing Plaintiff the opportunity to conduct discovery.  Fed. R. Civ. P. 56(f). Accordingly, Defendants' motion for a stay, filed September 22, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **October 20, 2010**         /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE