# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. W. FAIRMAN, JR., et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:02-CV-05806-OWW-DLB PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(DOC. 137) |

**I.   Background**

Plaintiff Jason Saunders ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Forener, Gonzales, Johnson, Masiel, Nelson, Smith, and Snell for retaliation in violation of the First Amendment, violation of the Due Process Clause of the Fourteenth Amendment, failure to protect in violation of the Eighth Amendment, promulgation or implementation of an unconstitutional policy, and state law claims.

Pending before the Court is Plaintiff's motion to compel, filed November 12, 2010. Mot. Compel, Doc. 137. Defendants filed their opposition on February 2, 2011. Defs.' Opp'n, Doc. 143. No reply was timely filed. The matter is submitted pursuant to Local Rule 230(l).

**II.   Motion To Compel**

Plaintiff moves to compel the production of documents. Plaintiff requested the following:

1

No. 1: Kindly furnish the FLSA Sheet reflecting the time Masiel [sic] arrived to and departed duty on September 09, 2000.

No. 2: Kindly furnish the facility 'C' Daily Activity Report ("DAR") dated February 25, 1999.

No. 3: Kindly furnish any and all memorandums [sic] dated February 2, 1999 and authored by Johnson which related the movement for facility 'C' yard number 1 M.A.C. representatives.

No. 4: Kindly furnish the memorandum in effect February 25, 1999 signed by Johnson which related to "Executive Body for Men's Advisory Council" and "Housing Unit Representatives."

No. 5: Kindly furnish the memorandum dated February 5, 1999, authored/signed by Johnson which relates to "Procedure for MAC."

No. 6: Kindly furnish the memorandum dated February 3, 1999, signed/authored by Defendant Johnson and which relates to the MAC.

No. 7: Kindly furnish a [sic] inmate appeal tracking system ("IATS") appeals history report of Plaintiff from October 1997 through February 25, 1999.

No. 8: Kindly furnish the memorandum dated January 28, 1999, signed, authored by Johnson and which relates to MAC representatives [sic] evening release.

No. 9: Kindly furnish the C- Facility MAC's agenda for the general body meeting scheduled to commence February 23, 1999.

No. 10: Kindly furnish the FLSA sheet of Forner reflecting his time of arrival and departure from duty on February 25, 1999.

No. 11: Kindly produce any and all documents which of the post orders of each Defendant as in effect on February 25, 1999.

No. 12: Kindly furnish any and all attendance work records of inmates assigned to the C1/C2 dining room on the evening of February 25, 1999.

No. 13: Kindly furnish all housing records identifying all inmates assigned to cells C1-126 through 150 and C1-226 through 250 on February 25, 1999.

No. 14: Kindly furnish any and all C1 housing unit log book entries made on February 25, 1999.

No. 15: Kindly furnish any and all rules violation reports authored by any Defendant herein against inmate Valdez H84472 on February 25, 1999, for his involvement in the events which are the subject of this action.

No. 16: Kindly furnish any and all "use of force crime/incident report critiques" created or authored by any Defendant enlisted in this action which relates to the events involved in this action.

No. 17: Kindly furnish any and all documents which relate to crime incident report log number SATF-03-99-02-0067 and which were created by any Defendant or his/her successor in relation to the events of this action.

No. 18: Kindly furnish any and all mini-memos authored by any Defendant or his/her successors which relate to the events of this action.

No. 19: Kindly furnish any and all documents entitled "management report of calculated use of force" authored by and [sic] Defendant in relation to the events of this action.

No. 20: Kindly furnish any and all documents comprising of personal hand written notes of Defendants which related to any events described in this action.

No. 21: Kindly furnish any and all documents which identify the MAC chairman of 'C' Facility on February 25, 1999.

No. 22: Kindly furnish documents reflecting the housing assignment of inmate Edwin Chavez CDCR No. K49549 between February 26 through 30th, 1999.

No. 23: Kindly furnish documents reflecting the housing assignment of inmate Angel Bernacett CDCR no. K20592 between February 26th through 30th, 1999.

No. 24: Kindly furnish documents reflecting the housing assignment of inmate Valdez CDCR No. H84472 on February 25, 1999.

No. 25: Kindly furnish documents reflecting the housing assignment of inmate Todd Amos CDCR No. C38090 on February 25, 1999.

No. 26: Kindly furnish documents reflecting the housing assignment of inmate Brian Cruz CDCR No. H76087 on February 25, 1999.

No. 27: Kindly furnish documents reflecting the housing assignment of inmate Halton CDCR No. K93749 on February 25, 1999.

No. 28: Kindly furnish documents reflecting the housing assignment of inmate Jamie Lien CDCR No. E33583 on February 25, 1999.

No. 29: Kindly furnish documents reflecting the current parole status or facility of incarceration of each party mentioned in requests 22 through 28.

No. 30: Kindly furnish documents reflecting the job assignment of inmate Valdez CDCR No. H84472 on February 25, 1999.

No. 31: Kindly furnish the post orders of each Defendant as in effect on February 25, 1999.

No. 32: Kindly furnish FLSA sheets of each Defendant excluding Forner, for the date of February 25, 1999.

No. 33: Kindly furnish work records of Plaintiff for the date of February 25, 1999.

No. 34: Kindly furnish post assignment signatures sheets signed by any and all Defendants on February 25, 1999.

No. 35: Kindly furnish any and all previous complaints made against any Defendant in the 5 years preceeding [sic] this action that related to due process violation, retaliation, staging inmate attacks, greenwall activities, cover ups, and the falsification of documents as well as excessive use of force.

No. 36: Kindly furnish a complete copy of the "senior hearing officers manual."

No. 37: Kindly furnish memorandas relating to rule violation reports issued from CDCR headquarters and dated December 09, 1996; April 21, 1997; May 22, 1997; April 09, 1998; June 11, 1998; June 23, 1998 and October 16, 2003.

No. 38: Kindly furnish the correctional officers [sic] handbook as referenced in each Defendants [sic] post orders.

No. 39: Kindly furnish the use of force handbook which governs use of force against inmates.

No. 40: Kindly furnish copies of any and all RVR (Rules Violation Reports) of Plaintiff from October 1997 through February 25, 1999.

No. 41: Kindly furnish copies of any and all CDCR 602 inmate appeals filed by Plaintiff from October 1997 through February 25, 1999.

No. 42: Kindly furnish copies of any and all CDC 128 chronos generated against Plaintiff between October 1997 through February 25, 1999.

No. 43: Kindly furnish housing assignment records of Plaintiff from October 1997 through February 25, 1999.

No. 44: Kindly furnish CSATF/SP's operational procedure as it related to close 'B' inmates on February 25, 1999.

No. 45: Kindly furnish a CDC 119 incoming/outgoing legal mail print out of Jason Saunders CDCR No. H44398 for the time period of October 1997 through February 25, 1999.

**A.   Already Produced Documents (Nos. 3, 4, 5, 6, 8, 16, 17, 21, 37, 40, and 41)**

Defendants contend that they produced documents responsive to several of Plaintiff's requests. Defendants contend that they already produced over 100 pages of documents related to this action, citing to exhibits in their motion for summary judgment.[1]

Request No. 3 seeks a memorandum dated February 2, 1999, relating to inmate movement of C1 yard. Plaintiff provides an insufficient explanation as to why movement of inmates on February 2, 1999 is reasonably calculated to lead to the discovery of admissible evidence in this action. Plaintiff's motion to compel further response to this request is denied.

---

[1] Plaintiff submits Exhibit 3 in support of his motion to compel, which provides further explanation as to why he found Defendants' responses to his discovery requests to be inadequate.
Plaintiff does not provide an explanation regarding any inadequacy of Defendants' responses to Plaintiff's requests for Production of Documents Nos. 5, 6, 16, 17, 18, 19, and 20. Defendants' responses to those requests are presumed sufficient.

4

1  Request No. 4 seeks a memorandum dated February 25, 1999 disclosing the executive
2  body for the men's advisory council and the housing unit representatives.  Defendants provided a
3  memorandum dated February 5, 1999, which disclosed the identities of the M.A.C. and the
4  housing unit representatives.  Plaintiff provides an insufficient explanation as why this
5  memorandum is not responsive.  Unless Plaintiff can demonstrate that the M.A.C. and housing
6  unit representatives for Facility C changed from February 5 to February 25 of 1999, it appears
7  that Defendants' response was sufficient.  Plaintiff's motion to compel further response to this
8  request is denied.

9  Request No. 8 seeks a memorandum dated January 28, 1999, which relates to evening
10 release for M.A.C. representatives.  Plaintiff provides an insufficient explanation as to why
11 evening release on January 28, 1999 is reasonably calculated to lead to the discovery of
12 admissible evidence in this action.[2]  Plaintiff's motion to compel further response to this request
13 is denied.

14 Request No. 21 seeks the disclosure of the identity of the MAC chairman of Facility C on
15 February 25, 1999.  Defendants provided a memorandum dated February 5, 1999, which
16 identified who the MAC chairman at the time.  Plaintiff provides an insufficient explanation as
17 why this memorandum is not responsive.  Unless Plaintiff can demonstrate that the MAC
18 chairman of Facility C changed from February 5 to February 25 of 1999, it appears that
19 Defendants' response was sufficient.  Plaintiff's motion to compel further response to this
20 request is denied.

21 The Court finds Defendants' response to Request No. 37 to be insufficient.  As explained
22 in Plaintiff's Exhibit 3, Plaintiff seeks the CDCR's memoranda which govern disciplinary
23 hearings for inmates.  One of Plaintiff's claims is that Defendant Snell failed to follow CDCR's
24 policy governing rules violation reports regarding the February 25, 1999 incident, in violation of

---

[2] Plaintiff complains of retaliation when he was attacked by another inmate on February 25, 1999, and subsequent due process violations during the disciplinary hearings related to that incident. Pl.'s Am. Compl., filed May 2, 2008, Doc. 87; Findings And Recommendations ("F&R"), filed May 30, 2008, Doc. 91; Order Adopting F&R, filed May 7, 2009, Doc. 100.

due process. The CDCR's memoranda, which are applicable to Plaintiff's disciplinary hearings at issue in this action, are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's motion to compel further response to this request is granted.

Plaintiff's Requests Nos. 40 and 41 seek all disciplinary reports and inmate appeals from October of 1997 through February 25 of 1999. Plaintiff fails to explain why disciplinary reports and inmates appeals preceding February 25, 1999 are reasonably calculated to lead to the discovery of admissible evidence in this action. Furthermore, these documents would appear to be available to Plaintiff in his central file. To the extent that Plaintiff can obtain these documents by using institutional procedures himself, Plaintiff's motion to compel further response to these requests is denied.

**B.     Requests Available to Plaintiff**

Defendants contend that requests Nos. 7, 33, 42, 43, and 45 are accessible by Plaintiff because they are contained in Plaintiff's central file. Defendants object that the production of these documents is unduly burdensome when Plaintiff can obtain these documents using institutional procedures.

Plaintiff appears to be able to access these documents without the need of discovery, as he can make his own request to review his central file, and these documents do not appear to be confidential. As Plaintiff can obtain these documents by using institutional procedures himself, Plaintiff's motion to compel further response to Nos. 7, 33, 42, 43, and 45 is denied.[3]

**C.     Requests Regarding Inmates**

Defendants object to requests Nos. 12 through 15, and 22 through 30 because it involves information relating to other inmates. Defendants contend that Plaintiff may communicate with third party inmate witnesses using institutional procedures. Defendants contend that CDCR

---

[3] Plaintiff contends that his central file is not accessible without Defendants' counsel coordinating with the prison litigation coordinator. See Pl.'s Mot. Compel, Ex. 3, p. 3. While Defendants will not be currently required to produce documents accessible to Plaintiff in his central file, the Court may require such production in the future if the record later demonstrates that Plaintiff's access to these documents is not readily available without Defendants' counsel's participation.

cannot release private information concerning third parties to inmate litigants.

Plaintiff does not explain how his requests regarding these inmates' housing assignments or vocational assignments, for or around February 25, 1999, are reasonably calculated to lead to the discovery of admissible evidence. Plaintiff appears to be fishing for prospective inmate witnesses. Plaintiff's request is overbroad. Plaintiff has several names of potential witnesses already. If Plaintiff wishes to obtain information from various inmates, Plaintiff may use pre-existing institutional procedures for communication with third-party inmate witnesses. Plaintiff's motion to compel further response to Nos. 12 through 15, and 22 through 30 is denied.

### D. Vague Or Ambiguous Requests

The Court has not yet ruled on Plaintiff's motion to compel further response to Plaintiff's remaining requests Nos. 1, 2, 9, 10, 11, 18, 19, 20, 31, 32, 34, 35, 36, 38, 39, and 44. Defendants objected to requests Nos. 1 through 21, 29, 31 through 39, and 44 in part because they were vague and ambiguous.

Request Nos. 1, 10, and 32 are not vague or ambiguous. As further explained in Plaintiff's Exhibit 3 to his motion to compel, Plaintiff seeks the disclosure of a sign-in sheet which would demonstrate when an employee arrived and departed. There does not appear to be security concerns with disclosure of these documents, as Plaintiff seeks information that is now more than ten years old.[4] Plaintiff's motion to compel further response to these requests is

---

[4]Defendants contend that this information is confidential. Federal law regarding privilege applies to federal question cases. Fed. R. Evid. 501; *see United States v. Zolin*, 491 U.S. 554, 562 (1989). State law may provide guidance, but it is not the law of the circuit. *Green v. Baca*, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005). Federal common law recognizes a qualified privilege for official information, including government personnel files. *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir. 1975); *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995). In determining whether information sought is privileged, the Court must weigh the potential benefits of disclosure against the potential disadvantages to the party asserting the privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990).

The Court finds Plaintiff's need for this information outweighs Defendants' privilege regarding official information in government personnel files. The disadvantages of disclosing this information appears minimal, as Plaintiff seeks disclosure of when Defendant arrived to and left work. Defendants do not provide an explanation as to how that information would impact institutional security.

1  granted.

2  Request No. 2 is not vague or ambiguous.  As further explained in Plaintiff's Exhibit 3 to
3  his motion to compel, the Daily Activity Report is delineated in the CDCR's Operation Manual
4  ("DOM").  Plaintiff's motion to compel further response to this request is granted.

5  Request No. 9 is not vague or ambiguous.  Plaintiff seeks the C- Facility MAC's agenda
6  for the general body meeting scheduled to commence February 23, 1999.  However, Plaintiff
7  provides no explanation as to why the agenda for the MAC's meeting on February 23, 1999 is
8  reasonably calculated to lead to the discovery of admissible evidence in this action.  Plaintiff's
9  motion to compel further response to this request is denied.

10  Requests Nos. 11 and 31 are not vague or ambiguous.  As further explained in Plaintiff's
11  Exhibit 3 to his motion to compel, Plaintiff seeks the post orders regarding the duties and
12  responsibilities of each Defendant, as required by the DOM.  Plaintiff's motion to compel further
13  response to these requests is granted

14  Request No. 34 is not vague or ambiguous.  As further explained in Plaintiff's Exhibit 3
15  to his motion to compel, Plaintiff seeks post assignment signature sheets, CDC Form 1860, as
16  described in the DOM.  Plaintiff's motion to compel further response to this request is granted.

17  Request No. 35 is vague and ambiguous.  It is unclear what complaints Plaintiff refers to,
18  such as lawsuits or inmate appeals.  Plaintiff's request is also overbroad, as this action does not
19  include claims for excessive force.  Plaintiff's motion to compel further response to this request
20  is denied.

21  Request No. 36 is not vague or ambiguous.  As further explained in Plaintiff's Exhibit 3
22  to his motion to compel, Plaintiff seeks the senior hearing officer's manual which sets forth the
23  duties and responsibilities of Defendant Snell in adjudicating Plaintiff's rules violation report
24  ("RVR") on June 26, 1999.  As the manual may be overbroad as it relates to this action,
25  Defendants may produce the excerpts which sets forth the duties and responsibilities of the senior
26  hearing officer in adjudicating a RVR like Plaintiff's.  Plaintiff's motion to compel further
27  response to this request is granted.

28  Request No. 38 is not vague or ambiguous.  Plaintiff seeks the officer's handbook

referenced by each officer's post orders. As these handbooks may be overbroad as it relates to this action, Defendants may produce excerpts which sets forth the duties and responsibilities of the officers. Plaintiff's motion to compel further response to this request is granted.

Request No. 39 is not vague or ambiguous. Plaintiff seeks the handbook regarding use of force on inmates. Defendants also object that these documents are equally available to Plaintiff, and it would be unduly burdensome to require Defendants to produce such documents. To the extent that this document is available to Plaintiff without resort to discovery, Plaintiff's motion to compel further response to Request No. 39 is denied.

Request No. 44 is not vague or ambiguous. As further explained in Plaintiff's Exhibit 3 to his motion to compel, Plaintiff seeks CSATF's operational procedures regarding how prisoners are held in custody, specifically Close-B custody prisoners. Defendants' exhibits in their motion for summary judgment make reference to Close-B custody prisoners. *See* Defs.' Mot. Summ. J., Ex. F. Plaintiff's motion to compel further response to this request is granted.

**E.     Sanctions**

Plaintiff also seeks sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and 37(b)(2)(A) and (C). At the time Plaintiff filed his motion to compel and his discovery requests, the Court had yet to modify the discovery order. Order, filed Dec. 10, 2009, Doc. 121. Plaintiff's discovery requests were not deemed timely until January 12, 2011, when the Court ordered a modification of the discovery order. Order, Doc. 141. Defendants nonetheless provided responses to Plaintiff's discovery requests. Defendants have not demonstrated conduct that would merit requiring them to pay for discovery expenses or to be sanctioned. Thus, Plaintiff's motions for sanctions are denied.

**III.     Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed November 12, 2010, is GRANTED in part as to Requests For Production of Documents Nos. 1, 2, 10, 11, 31, 32, 34, 36, 37, 38, and 44, as stated herein;

2. Defendants are to serve further response as stated herein within thirty (30) days

from the date of service of this order;

3. Plaintiff's motion to compel further response to all other requests is DENIED as stated herein; and

4. A protective order pursuant to Federal Rule of Civil Procedure 26(c), if any, is to be filed within ten (10) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **July 5, 2011**                         **/s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE