# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAUNDERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. W. FAIRMAN, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:02-CV-05806-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION CONSTRUED AS MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(DOC. 161)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　Plaintiff Jason Saunders ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Forener, Gonzales, Johnson, Masiel, Nelson, Smith, and Snell for retaliation in violation of the First Amendment, violation of the Due Process Clause of the Fourteenth Amendment, failure to protect in violation of the Eighth Amendment, promulgation or implementation of an unconstitutional policy, and state law claims.

　　　Pending before the Court is Plaintiff's motion, filed October 25, 2011. Doc. 161. Plaintiff moves for the Court to enjoin librarian S. Killen and supervising librarian V. Rowell from retaliating against Plaintiff. The Court construes the motion as a motion for preliminary injunction. Plaintiff moves for an order requiring these individuals to provide Plaintiff with access to supplies, legal publications, and other materials necessary to prosecute this action.

　　　A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

1  balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*
2  *Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted).  The
3  purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable
4  injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software,*
5  *Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

6  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court
7  must have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);
8  *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S.
9  464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no
10 power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  "A federal court may issue an
11 injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction
12 over the claim; it may not attempt to determine the rights of persons not before the court."
13 *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).  The named
14 individuals, S. Killen and V. Rowell, are not parties to this action, and the Court thus lacks
15 personal jurisdiction over them to determine their rights here.

16 Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion, filed October 25,
17 2011 and construed as a motion for preliminary injunction, should be DENIED.

18 These Findings and Recommendations will be submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-**
20 **one (21) days** after being served with these Findings and Recommendations, the parties may file
21 written objections with the Court.  The document should be captioned "Objections to Magistrate
22 Judge's Findings and Recommendations."  The parties are advised that failure to file objections
23 within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*
24 *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

25 IT IS SO ORDERED.

26 **Dated:   November 1, 2011**              /s/ **Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE
27
28